UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | CRIMINAL NO. 12-166 |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| WHITNEY CHANEE ANDERSON & ROY ELBERT CARLTON | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a Motion to Suppress evidence, doc. #48, filed by defendant Carlton and referred to me by the district judge for report and recommendation. An evidentiary hearing on the motion was held on March 5, 2013. Defendant is charged with possession of contraband in prison. He seeks to exclude from evidence the results of a search of his excrement, namely latex rubber fragments, and latex balloons containing marijuana found in the lobby and interview room of the Pollock prison.

FACTS

On February 22, 2010, defendant's co-defendant, Anderson, and a very young minor child visited him in the visiting room at the prison. The visit was under video surveillance. Defendant had the child sitting on his lap and Anderson was sitting to the side of him with her chair facing him. Anderson had brought chips and a soft drink with her. As the child and Carlton were eating the snacks, Officer Ducote, who was monitoring the visit by video surveillance, saw Carlton's right hand reaching into the front of the child's pants, then moving toward his shirt pocket and then saw Carlton appear to be ingesting a white object. Ducote asked other officers to look at the video to confirm what he had seen. The officers then terminated the visitation and Carlton was taken to a room and

strip searched. Anderson was taken to a room and interviewed. No contraband was found. Carlton was placed in a "dry cell" and it was later determined that his feces contained fragments of white latex rubber as well as marijuana. Latex rubber balloons containing marijuana were found discarded in the lobby of the prison and in the interview room where Anderson had been interviewed. Defendant filed a motion to suppress as evidence the marijuana and latex balloons and the latex fragments, doc. #48.

## Discussion

Defendant, through counsel, seeks to exclude from evidence the results of the search being the latex fragments and marijuana found in Carlton's excrement and the latex balloons and marijuana found in the lobby and interview room. The defendant and the government filed briefs and copies of memoranda by officers documenting their observations.

A hearing was held March 5, 2013 at which defendant, Carlton, was present. The government presented the video for the court's review and rested on the evidence submitted with its briefs[1]. Defendant produced no evidence. On a motion to suppress, the burden of proof is on the government to show that the search was legal. U. S. V. Roch, 5 F.3d 894, 897 (5th Cir. 1993).

A motion to suppress has as its purpose the exclusion of evidence illegally seized. At oral argument, defense counsel was unable to state why the search and seizure of the latex balloons in the lobby and interview room was illegal. The items were not seized from, nor were they found as a result of a search of, defendant or his co-defendant. Rather, they were found in the prison lobby and interview room. Neither defendant has any expectation of privacy with regard to those areas of

---

[1] Hearsay evidence is admissible on a motin to dismiss because it goes only to the admissibility of evidence at trial. See U. S. V. Fischel, 686 F.2d 1082 (5th C. 1982); U. S. V. Matlock, 94 S. Ct. 988 (1974).

the prison facility. The prison staff had every right to pick up discarded items found in those rooms. Because those items were not illegally obtained, the motion to suppress should be denied as to the marijuana and latex balloons found in the lobby and interview room.

The video surveillance tape does not clearly prove that defendant Carlton reached into the child's pants and removed anything, that he placed anything in his pocked or removed same, or that he ingested a white object. However, proof is not required. "Searches and seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed." Johnson v. Scott, 31 Fed.Appx. 836, **1 (5th Cir. 2002), citing Elliott v. Lynn, 38 F.3d 188, 191 (5th Cir.1994). There must be a balance between the legitimate penological need for the search and the invasion of privacy rights caused by the search. Johnson, 31 Fed.Appx. at **1, citing Moore v. Carwell, 168 F.3d 123, 237 (5th Cir. 1999). Consideration must be given to "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Johnson, 31 Fed.Appx. at **1, citing Moore v. Carwell, 168 F.3d 123, 237 (5th Cir. 1999). " Under appropriate circumstances, visual body cavity searches of prisoners can be constitutionally reasonable." Johnson, 31 Fed.Appx. at **1, citing Elliot, 38 F.3d at 191. But, balancing the significant and legitimate security interests of the institution against the privacy interests of the inmates, visual body-cavity inspections can be conducted on less than probable cause. Bell v. Wolfish, 99 S.Ct. 1861, 1885 (1979). [2]

The defendant is shown in the video acting suspicious, seemingly reaching into the child's pants, though a clear view is blocked by his co-defendant, Anderson. It appears that a white object

---

[2] The test applicable to an inmate is different than that applicable to visitors and prison staff. The reasonable suspicion standard applies to prison visitors and prison staff. Rouse v. Texas Dept. of Crimianl Justice Institutional Div., 473 Fed.Appx. 612 (5th Cir. 2012), and cases cited therein .

was in his hand immediately before he turns away from the camera, bends over behind the child and appears to place something in his mouth. These actions were more than enough to arouse the suspicions of prison staff that something might be amiss, and cause them to end the interview, remove the defendant, and strip search him. It was also enough reason for prison officials to place Carlton in a "dry cell" and examine his excrement, which resulted in finding the latex fragments with marijuana residue on them.

Considering the scope of the particular intrusion, the manner in which it was conducted and the justification for initiating it–defendant's suspicious behavior– I find that the search of defendant and the search of his feces, which resulted in the finding of the latex fragments containing marijuana residue, was reasonable and was not illegal. Therefore, the motion to suppress that evidence should be denied.

For these reasons, IT IS RECOMMENDED that Carlton's motion to suppress, doc. #48, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

**FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 6th day of March, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE